UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NGHIA V. NGUYEN,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

Case No. C19-1054-RAJ

**REPORT AND RECOMMENATION**

Before the Court is a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging convictions in King County Superior Court case number 17-1005840 SEA, for two counts of Rape in the Second Degree, Unlawful Imprisonment, and Promoting Commercial Abuse of a Minor. Dkt. 6.

The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The Court has examined the petition. It avers petitioner was sentenced on April 19, 2019, to 264 months of imprisonment and that petitioner has not appealed his judgment and sentence. Dkt. 6 at 1-2. The petition further avers that none of the claims in the instant federal petition have been presented to the state courts, and indicates petitioner has no

REPORT AND RECOMMENATION- 1

intent to do so because the state courts lack the jurisdiction "to decide on Federal Constitutional matters. *Id*. at 6. The petition is thus premature because it raises unexhausted claims. The habeas petition should accordingly be dismissed without prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro se*, no amendment would cure these defects.

## DISCUSSION

Petitioner avers he was sentenced n April 19, 2019. *Id*. at 1. The petition is premature because petitioner has not presented his claims to the highest state court and therefore has clearly not yet completed the process of exhausting his state remedies.

Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v.Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner must first raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. He affirmatively avers he has not; each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts contending the state courts lack the "jurisdictional authority to decide on United States Constitution matters." Dkt. 1

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENATION- 2

at 5. This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated as determined by the United States Supreme Court, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has never presented his grounds for relief to the state courts, his federal petition is unexhausted and should be dismissed.

In short, the Court is without jurisdiction to consider federal habeas claims that have not been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1). Additionally because petitioner might be able to review petitioner's claims the present federal habeas petition is premature. *See Black v. McCormick*, 914 F.2d 261 (9th Cir. 1990) (unpublished) ("both comity and efficiency counsel that federal courts should not interfere when a pending state appeal may resolve the entire issue. Should petitioner lose his appeal and exhaust all other state remedies, he will be able then to petition the federal court for relief."); *Sherwood v. Tomkins,* 716 F.2d 632, 634 (9th Cir. 1983) (When an appeal of a state criminal conviction is pending, petitioner seeking federal habeas relief must await the outcome of his appeal ); *Daniels v. Nelson*, 415 F.2d 323, 323 (9th Cir. 1969) ("habeas petition, filed while [petitioner's] state appeal was pending, is premature"). The Court accordingly recommends the petition herein be dismissed without prejudice. The state courts should be allowed to complete review of petitioner's conviction and sentence. Petitioner

REPORT AND RECOMMENATION- 3

should understand that once the state courts have completed review and his conviction and sentence are final, he has one year to file a federal habeas petition or be barred by the statute of limtiations.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regards to the habeas petition. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts and which also lack merit. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND NOTING DATE

Any objections to this Recommendation must be filed no later than **August 19, 2019**. The Clerks shall noted the matter as ready for the Court's consideration on Friday**, August 23, 2019** and the Clerk. Objections shall not exceed 8 pages.

/

/

The failure to timely object may affect the right to appeal.

REPORT AND RECCOMENATION- 4

DATED this 5th day of August, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENATION- 5